United States District Court
Southern District of Texas
**ENTERED**
October 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA NFUMU MBAMEDJA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6202 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Veronica Nfumu Mbammedja ("Petitioner"), a citizen of Equatorial Guinea, entered the United States on September 7, 2023, as a non-immigrant visitor for pleasure with authorization to remain in the United States until March 6, 2024.[1] On May 6, 2026, Petitioner was taken into immigration custody.[2] That same day Petitioner was served with a Notice to Appear, charging her with removability pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA").[3] On May 20, 2026, Petitioner had a custody redetermination hearing before an immigration judge.[4] The

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 7; Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction ("Respondents' MTD"), Docket Entry No. 10, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MTD, Docket Entry No. 10, p. 2

[3]Id.

[4]Id.

immigration judge denied Petitioner a bond, finding that she presented a flight risk.[5] Petitioner remains in immigration custody.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her continued detention violates due process.[7] Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 10). Respondents argue that because Petitioner failed to exhaust her administrative remedies, this court lacks subject matter jurisdiction over her petition.[8] Respondents also argue that Petitioner's detention does not violate due process.[9] Petitioner has filed a response.[10] Respondents and Petitioner have fully briefed the merits of Petitioner's due process claim.

Although Petitioner failed to appeal the immigration judge's bond decision, this court has subject matter jurisdiction over this petition. "There is no statutory requirement to exhaust remedies for alien detention claims; rather '[u]nder the [Immigration and Nationality Act] exhaustion of remedies is only required by Congress for appeals on final orders of removal.'" Garaev v. Noem, CIVIL DOCKET NO. 1:25-CV-00640, , 2025 WL 3035052, at *1 (W.D. La. Oct. 30, 2025) (quoting Covarrubias v. Vergara, 5:25-CV-112, 2025 WL 2950096, at *6 (S.D. Tex. Oct. 3, 2025); see also Malm v. Holder, Civil Action No. H-11-2969, 2012 2568172, at *4 (S.D. Tex. June 29, 2012) ("To the extent that Petitioner seeks to raise a constitutional challenge to his length of detention under §

---

[5]Id.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, pp. 5–8.

[8]Respondents' MTD, Docket Entry No. 10, pp. 4–6.

[9]Id. at 6–7.

[10]Petitioner's Response in Opposition to Respondents' Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 11.

1226(a), the court may exercise jurisdiction without first requiring exhaustion of administrative remedies.").

Although the court is not persuaded that Petitioner is required to exhaust her administrative remedies, Petitioner has failed to allege a due process violation. The Supreme Court has made clear that "[d]etention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, because Petitioner received a bond hearing, her continued detention does not violate procedural due process.

Although Respondents inartfully style their motion as a motion to dismiss, the court concludes that Petitioner's Habeas Petition should be denied because it is clear that Petitioner has not alleged a due process violation. Accordingly, for the reasons explained above, Respondent's Motion to Dismiss (Docket Entry No. 10) is **GRANTED,** and Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE